UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Outsource Services Management, LLC,
d/b/a Presidium Asset Solutions,

      Plaintiff,

v.                                                    Civil No. 12-1364 (JNE/AJB)
                                                      ORDER

Community Bank of the Cumberlands,

      Defendant.

Alleging that Community Bank of the Cumberlands failed to pay expenses incurred in connection with the administration and enforcement of a loan, Outsource Services Management, LLC, brought this action against the bank under the jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Observing that Outsource Services Management did not properly allege its citizenship in its Complaint, the Court grants it an opportunity to file an Amended Complaint.

Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Outsource Services Management bears the burden of establishing the citizenship of each party. *See Altimore v. Mount Mercy*

*Coll.*, 420 F.3d 763, 768 (8th Cir. 2005); *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its Complaint, Outsource Services Management alleged that Community Bank of the Cumberlands is a Tennessee corporation whose principal place of business is in Tennessee. Outsource Services Management properly alleged that Community Bank of the Cumberlands is a citizen of Tennessee. *See* 28 U.S.C. § 1332(c)(1) (defining a corporation's citizenship).

Outsource Services Management alleged that it "is a Nevada limited liability company" whose principal place of business is in Minnesota. For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Outsource Services Management did not allege with specificity the citizenship of its members.

Having failed to allege its citizenship, Outsource Services Management has not satisfied its burden of alleging diversity jurisdiction. Within seven days of the date of this Order, Outsource Services Management shall file an Amended Complaint that alleges the citizenship of each party at the time of this action's commencement. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004). If Outsource Services Management fails to do so, the Court will dismiss this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: June 8, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge